UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ELIZABETH ACKERMAN, individually,

v.

PROPERTY LITIGATION GROUP, PLLC,
a Florida Limited Liability Company,

Defendant.

_____/

## **COMPLAINT**

1.     Plaintiff, ELIZABETH ACKERMAN (referred to as "Plaintiff" and "ACKERMAN"), is a Female individual residing in Broward County, Florida.

2.     Defendant, PROPERTY LITIGATION GROUP, PLLC, a Florida Limited Liability Company (collectively referred to as "PLG" and "Defendant"), has at all times material to this Complaint owned and operated a law firm specializing in property insurance matters based at 2750 SW 145th Avenue #509, Miramar, Florida 33027 in Broward County, Florida, within the jurisdiction of this Court.

3.     ACKERMAN brings this action against PLG for alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* (Title VII), the Florida Civil Rights Act, F.S. §760.01 *et seq.* (FCRA), and the Florida Whistleblower Act, F.S. §448.102 (FWA).

4.     Jurisdiction is conferred on this Court by 28 U.S.C. §1337 & §1367 and 42 U.S.C. §2000e-5(f)(3), F.S. §760.11(4) & (8), and F.S. §448.103.

5.     A substantial part of the events giving rise to this action, occurred in Broward County, within the jurisdiction of the United States District Court for the Southern District of

Florida, Fort Lauderdale Division.

6.      At all times material to this action, PLG had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year, such that PLG was an employer within the meaning of Title VII, 42 U.S.C. §2000e-(b), the FCRA, F.S. §760.02(7), and the FWA, F.S. §448.101(3).

7.      At all times material to this action, ACKERMAN was an employee of PLG within the meaning of Title VII, 42 U.S.C. §2000e-(f), the FCRA, F.S. §760.10(1)(a), and the FWA, F.S. §448.101(2).

8.      In approximately August 2021, ACKERMAN began working for PLG as a non-exempt Paralegal in PLG's first party insurance law practice based upon the regular rate of $18.00 per hour.

9.      At all times material to this action including but not necessarily limited to between approximately August 2021 and June 2022, ACKERMAN satisfactorily performed her essential duties as Paralegal for PLG.

10.     Between approximately October 2021 and May 2022, Joseph Varona, Esquire—the Supervising Attorney in PLG's law firm to whom ACKERMAN directly reported—made repeated and unwanted sexual advances towards ACKERMAN and subjected Plaintiff to sexual harassment, which unwanted advances and harassment by Varona ACKERMAN expressly rejected and objected to.

11.     On a frequent and recurring basis as often as multiple times per week between approximately October 2021 and May 2022, Varona's sexual harassment of ACKERMAN included, by way of examples, Varona:

        (a) repeatedly making unwanted sexual advanced towards ACKERMAN;

(b) touching ACKERMAN's body and hugging Plaintiff without her consent;

(c) making sexually related statements to ACKERMAN such as:

(i) "You are hot. Its a distraction";
(ii) "They all want you, even the managing partners want to fuck you";
(iii) "I didn't choose a girl like you and I chose my wife because she is safe";
(iv) "You upset all the wives when you came into the Christmas party looking like a dime and the hottest person in the room. Of course they don't want us to talk to you";
(v) his wife "was jealous and didn't want us to work together but I told her it wasn't her choice";
(vi) "You are beyond sexy";
(vii) "You are so hot, you're an IG model";
(viii) "I want to do ... things to you"; and
(ix) "Private viewing mode, yeah that's what I use for my porn too";

(d) displaying sexually suggestive content and images of naked women; and

(e) leering at ACKERMAN and making sexual gestures; and

(f) questioning ACKERMAN about Plaintiff's dating experiences and sex life, including Varona asking inappropriate, personal details about ACKERMAN's sexual orientation, gender/sexual identity, and Plaintiff's sexual preferences and activity.

12.     Significantly, when ACKERMAN did not comply with Varona's invasive questioning about Plaintiff's sex life between approximately October 2021 and May 2022, Varona regularly became angry and frequently completed less work for PLG unless ACKERMAN acquiesced in listening to Varona's contemptible behavior.

13.     Similarly, Varona repeatedly threatened ACKERMAN's position in PLG's law firm between approximately October 2021 and May 2022 when Plaintiff rebuffed Varona's unwanted sexual advances and when ACKERMAN objected to Varona's offensive statements and inappropriate, intimate questions about Plaintiff's sex life.

14.     While carrying out paralegal tasks for PLG between approximately February 2022 and April 2022, ACKERMAN became aware that Varona was regularly engaging in settlement-litigation practices for Defendant that ACKERMAN in good faith believed were fraudulent and illegal, which practices ACKERMAN opposed and expressly objected to Varona, including *inter alia*, Varona:  (a) obtaining settlement authority from PLG clients at a particular level but then negotiating settlements with opposing attorneys in which PLG clients were to receive lower amounts than authorized or directed to Varona; (b) fraudulently misrepresenting to opposing attorneys settlement authority which Varona, in fact, had never obtained from PLG's clients; and (c) failing to timely communicate settlement offers to PLG clients, including offers which had deadlines/were time sensitive, as well as least one case in which the opposing counsel rescinded a settlement offer unaware that PLG's client had in fact wanted to accept that settlement offer.

15.     Between approximately February 2022 and April 2022, ACKERMAN satisfactorily performed her essential duties as Paralegal for PLG.

16.     On or around April 7, 2022, ACKERMAN was questioned by Michelle Lopez, Esquire, a Partner at PLG, about a problem with one of Defendant's clients who was threatening to file a complaint against PLG with the Florida Bar, and as part of Lopez investigating repeated problems with Varona's settlement practices, ACKERMAN reported to Lopez, *inter alia*: (i) Varona had instructed Plaintiff to no longer use formal settlement authorizations with PLG's clients; (ii) Varona was regularly obtaining settlement authority from PLG clients at a particular level but then negotiating settlements with opposing attorneys in which PLG clients were to receive lower amounts than the amount authorized by the client; and (iii) Varona was misrepresenting to opposing attorneys purported settlement authority which Varona, in fact, had never obtained from PLG's clients.

17.     Between approximately April 2022 and May 2022, ACKERMAN satisfactorily performed her essential duties as Paralegal for PLG.

18.     On or around May 11, 2022, Varona summoned ACKERMAN to discuss what he said was an "urgent matter," and during the ensuing conversation with ACKERMAN, Varona discussed what Plaintiff believed were fraudulent and illegal settlement-litigation practices by Varona for PLG that had been ongoing for months, which practices ACKERMAN again communicated to Varona on May 11th she believed were illegal as a result of, *inter alia*:  (a) Varona engaging in fraud by obtaining settlement authority from PLG clients at a particular level but then negotiating settlements with opposing attorneys in which PLG clients were to receive lower amounts than authorized or directed to Varona; (b) Varona fraudulently misrepresenting to opposing attorneys settlement authority which Varona, in fact, had never obtained from PLG's clients; and (c) Varona failing to timely communicate settlement offers, including offers which had deadlines/were time sensitive as well as least one case in which the opposing counsel rescinded a settlement offer unaware that PLG's client had in fact wanted to accept that settlement offer.

19.     Significantly, ACKERMAN alleges based upon information and belief that Varona had been cited and/or reprimanded by PLG on multiple occasions between approximately 2021 and 2022 for Varona, *inter alia*, failing to communicate with PLG's clients about settlement offers and misrepresenting settlement breakdowns, which those practices occurred so frequently that PLG would ultimately agree in various cases to forego attorney's fees earned in cases in order to provide clients of Defendant's law firm with a more significant payout to avoid complaints being filed by clients with the Florida Bar against PLG.

20.     Because of ACKERMAN's repeated rejections of Varona's unwanted sexual advances, objections to Varona's unwanted sexual harassment, and Plaintiff's opposition to the

fraudulent settlement-litigation practices by Varona that ACKERMAN believed were illegal, Varona retaliated against Plaintiff by making a groundless complaint to PLG's partners in May 2022 by Varona falsely claiming that ACKERMAN (i) was not listening to Varona's instructions; and (ii) was impossible to work with.

21.     On Friday, May 13, 2022, ACKERMAN complained to Jandy Hernandez, PLG's Managing Paralegal, about Varona's unwanted sexual advances, sexual harassment, illegal settlement-litigation practices, and retaliation against Plaintiff.

22.     As a result of Varona's false complaint about ACKERMAN to PLG's upper management, PLG notified Plaintiff in May 2022 that Defendant was re-assigning ACKERMAN's position and Plaintiff was told that she purportedly had an "attitude problem" despite ACKERMAN reporting to management personnel of PLG in May 2022—including Hernandez as well as Lopez—not only the sexual harassment and threats of retaliation by Varona against ACKERMAN, but also Varona's illegal settlement-litigation practices.

23.     On May 14, 2022, ACKERMAN communicated with Lopez about, *inter alia*, how Varona had previously told ACKERMAN that he (Varona), Matthew Suls, Esquire, and Vinit Venkatesh, Esquire "all want to fuck [ACKERMAN]," with both Mr. Suls and Mr. Venkatesh being Partners at PLG.

24.     On Monday, May 16, 2022, ACKERMAN again complained to Jandy Hernandez about Varona's unwanted sexual advances, sexual harassment, illegal settlement-litigation, and retaliation against Plaintiff.

25.     In addition, ACKERMAN communicated on May 16, 2022 with Lopez while Lopez was out of the office, but despite Lopez first assuring ACKERMAN that PLG was not demoting or retaliating against Plaintiff, after ACKERMAN worked approximately half the day

until just before 1:00 p.m. on May 16th, Lopez asked Plaintiff to leave the office for the day and Lopez also notified ACKERMAN in the late afternoon not to return to the office the rest of the week.

26.     On May 17, 2022, ACKERMAN received a letter from PLG signed by PLG's Managing Partner, Mario Molina, Esquire, see Exhibit A, notifying Plaintiff, among other things, that PLG was placing ACKERMAN on paid administrative leave through Friday, May 21, 2022 and PLG was purportedly conducting an internal investigation.

27.     On May 22, 2022, ACKERMAN sent correspondence to Mario Molina, Esquire in response to PLG's May 17th letter, see Exhibit B, in which ACKERMAN set forth further objections and complaints to Defendant about how ACKERMAN was being discriminated against—notwithstanding the fact that PLG *did not* have an Employee Handbook or any policies/procedures for the reporting or investigation of sexual harassment, discrimination, or retaliation against employees.

28.     Between approximately late May 2022 and early June 2022, ACKERMAN exchanged numerous communications with Michelle Lopez, Esquire via text and e-mail, as part of which ACKERMAN addressed false accusations and misrepresentations by PLG.

29.     On June 7, 2022, ACKERMAN received a letter from Nicole Martell, Esquire of the law firm Di Pietro Partners, LLP on behalf of PLG, see Exhibit C, notifying ACKERMAN that PLG was presenting ACKERMAN with the "options" for Plaintiff's employment with PLG to either (a) be terminated effective immediately without severance pay; or (b) terminated with payment by PLG to ACKERMAN of two (2) weeks severance pay in exchange for a mutual, full release of claims from ACKERMAN to PLG—which offer was not accepted by ACKERMAN. In this regard, Martell also set forth in the June 7th letter sent on behalf of PLG to ACKERMAN

the following:

> "Please advise as to your acceptance and/or rejection of the above offers by Friday, June 10, 2022. Should you fail to advise as to your acceptance and/or rejection of the above offers by  June 10, 2022, PLG will consider this your resignation of employment and separation from PLG – without severance pay – on the grounds of your refusal and failure to perform your job."

See Exhibit C, at p. 2.

30.    On June 17, 2022, ACKERMAN received another letter from Nicole Martell, Esquire of the law firm Di Pietro Partners, LLP on behalf of PLG, see Exhibit D, notifying ACKERMAN that Plaintiff's employment with PLG was terminated effectively immediately.

31.    Despite ACKERMAN's internal complaints to PLG about Varona's unwanted sexual harassment, retaliation, and illegal litigation-settlement practices, PLG failed to take remedial action to help ACKERMAN and instead unlawfully terminated ACKERMAN's employment in June 2022 as a result of disparate treatment, sex/gender discrimination, and retaliation against ACKERMAN in violation of Title VII, the FCRA, and the FWA.

32.    The reasons relied upon and/or proffered PLG in June 2022 for the termination of ACKERMAN's employment were false and known to be false at the time Defendant terminated Plaintiff's employment and instead were a pretext for unlawful disparate treatment, sex/gender discrimination and retaliation against ACKERMAN in violation Title VII, the FCRA, and the FWA.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

33.    On or around December 14, 2022, ACKERMAN filed a Charge of Discrimination against PLG with the United States Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR), EEOC Charge No. 510-2023-02438, in which ACKERMAN alleged that she was subjected to sexual harassment, disparate treatment, and

discrimination because of her sex/gender, as well as retaliation culminating in the unlawful termination of her employment in June 2022 in violation of Title VII and the FCRA. A copy of ACKERMAN'S Charge of Discrimination is attached hereto as Exhibit E.

34.     On or around June 29, 2023, the EEOC issued a Dismissal and Notice of Right to Sue to ACKERMAN in connection with EEOC Charge No. 510-2023-02438, a copy of which is attached hereto as Exhibit F.

35.     This Complaint is being timely filed on September 23, 2023 within Ninety (90) days from ACKERMAN's receipt on June 29, 2023 of the Notice of Right to Sue issued by the EEOC in connection with Charge No. 510-2022-04374.

36.     As of September 23, 2023, more than One Hundred and Eighty (180) days have passed since the filing of ACKERMAN's Charge of Discrimination, and the Florida Commission on Human Relations did not issue any determination concerning ACKERMAN's Charge. As a result, pursuant to F.S. §760.11(18), which provides that in the event that the FCHR fails to conciliate or determine whether there is reasonable cause on any complaint under that section within 180 days of the filing of the complaint, an aggrieved person may file a civil action "as if the commission determined that there was reasonable cause," ACKERMAN has exhausted all administrative remedies under Florida and Federal law.

37.     ACKERMAN has exhausted all administrative remedies and all conditions precedent to the institution of this action under Florida and/or Federal law have either occurred or been waived.

### COUNT I
### SEX/GENDER DISCRIMINATION AND SEXUAL HARASSMENT
### IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

Plaintiff, ELIZABETH ACKERMAN, reasserts and reaffirms the allegations of

Paragraphs 1 through 37 as if fully set forth herein and further states that this is an action against Defendant, PROPERTY LITIGATION GROUP, PLLC, for sex/gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

38.     Title VII of the Civil Rights Act of 1964, as amended, provides that it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . ." 42 U.S.C. §2000e-2(a)(1).

39.     Throughout the course of ACKERMAN's employment with PLG between approximately October 2021 and June 2022, ACKERMAN was subjected to unwelcome sexual harassment, unwanted sexual advances, and sexually hostile behavior on a frequent and recurring basis as often as multiple times per week—namely by Jospeh Varona, Esquire—all because of ACKERMAN's sex/gender, Female, which conduct by Varona was continuing, severe, and pervasive, and which constituted a hostile work environment, all of which was motivated by ACKERMAN's gender/sex, Female, in violation of in violation of 42 U.S.C. §2000e-2(a)(1) & (2).

40.     The sexual and sex/gender harassment and discrimination against ACKERMAN because of Plaintiff's sex/gender, Female, between approximately October 2021 and June 2022 was sufficiently severe and pervasive as to alter the terms, conditions, and privileges of ACKERMAN'S employment with PLG.

41.     PLG's management knew or should have known of the unlawful sexual harassment and gender/sex discrimination against ACKERMAN between approximately October 2021 and June 2022 but even after ACKERMAN made multiple complaints to PLG beginning in

approximately mid-May 2022, Defendant still failed to take appropriate or corrective action to address the unlawful harassment, discrimination, and disparate treatment against ACKERMAN.

42.     PLG terminated ACKERMAN's employment in June 2022 because of Plaintiff's sex/gender, Female, in violation of Title VII, in violation of 42 U.S.C. §2000e-2(a)(1) & (a)(2).

43.     A motivating factor behind PLG's decision in June 2022 to terminate ACKERMAN's was Plaintiff's sex/gender, Female, in violation of Title VII, in violation of 42 U.S.C. §2000e-2(a)(1) & (a)(2).

44.     PLG's violations of ACKERMAN'S rights under Title VII were intentional and were done with malice and reckless disregard for ACKERMAN'S rights as guaranteed under the laws of the United States.  As such, ACKERMAN is entitled to punitive damages against PLG pursuant to 42 U.S.C. §1981a(a)(1).

45.     ACKERMAN has suffered lost earnings, emotional distress, loss of self-esteem, and other damages as a direct result of PLG's violations of 42 U.S.C. §2000e-2(a)(1) & (a)(2).

46.     Pursuant to 42 U.S.C. §2000e-5(k), ACKERMAN is entitled to recover her reasonable attorney's fees and costs from PLG.

WHEREFORE, Plaintiff, ELIZABETH ACKERMAN, demands judgment against Defendant, PROPERTY LITIGATION GROUP, PLLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, punitive damages, equitable relief, interest, costs, attorney's fees, expert fees, and such other and further relief as this Honorable Court deems proper.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII
## OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e-3(a)

Plaintiff, ELIZABETH ACKERMAN, reasserts and reaffirms the allegations of Paragraphs 1 through 37 as if fully set forth herein and further state that this is an action against Defendant, PROPERTY LITIGATION GROUP, PLLC, for Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a).

47.     Pursuant to 42 U.S.C. §2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees …. because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

48.     Between approximately October 2021 and June 2022, PLG subjected ACKERMAN to: (a) unwelcome harassment because of Plaintiff's sex/gender, Female, by Defendant's supervisory/management employees, including but not limited to attorney Josph Varona, which harassment was severe and pervasive, and which constituted a hostile work environment; and (b) disparate treatment because of ACKERMAN's sex/gender, Female, all in violation of in violation of 42 U.S.C. §2000e-2(a)(1) & (a)(2).

49.     On multiple occasions during ACKERMAN's employment with PLG between approximately October 2021 and June 2022, ACKERMAN rejected, objected to, and opposed what Plaintiff in good faith believed was sexual harassment and disparate treatment by PLG against ACKERMAN because of Plaintiff's sex/gender, Female.

50.     Between approximately mid-May 2022 and June 2022, ACKERMAN complained to PLG's management about the sexual harassment and sex/gender discrimination Plaintiff

believed she was being subjected to in PLG's law firm because of Plaintiff's sex/gender, Female.

51.     ACKERMAN reasonably and in good faith believed she was being subjected to unlawful sexual harassment, sex/gender harassment, and disparate treatment because of her sex/gender, Female, when ACKERMAN complained to PLG's management.

52.     When ACKERMAN rejected, objected to, and opposed between approximately October 2021 and June 2022 what Plaintiff reasonably and in good faith believed was unlawful sexual harassment and discrimination against ACKERMAN because of Plaintiff's sex/gender, Female, ACKERMAN engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

53.     Similarly, when ACKERMAN made internal discrimination complaints to PLG's upper management between approximately mid-May 2022 and June 2022 what Plaintiff reasonably and in good faith believed was unlawful sexual harassment and discrimination against ACKERMAN because of Plaintiff's sex/gender, Female, ACKERMAN engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

54.     In retaliation for ACKERMAN's good faith opposition to and complaints to PLG about unlawful sexual harassment and sex/gender discrimination against her, PLG unlawfully terminated ACKERMAN's employment in June 2022 for reasons that were false and a pretext for unlawful retaliation against Plaintiff in violation Title VII, 42 U.S.C. §2000e-3(a).

55.     The reasons relied upon and/or proffered PLG in June 2022 for the termination of ACKERMAN's employment were false and known to be false at the time Defendant terminated Plaintiff's employment and instead were a pretext for unlawful retaliation against ACKERMAN in violation Title VII, 42 U.S.C. §2000e-3(a).

56.      PLG intentionally retaliated against ACKERMAN in June 2022 by terminating

Plaintiff's employment because of her good faith opposition to and complaints about what Plaintiff reasonably believed was unlawful sexual harassment and sex/gender discrimination by Defendant against her because of sex/gender, Female, in violation of 42 U.S.C. §2000e-3(a).

57.     The fact that ACKERMAN engaged in activity protected by Title VII was a motivating factor in PLG's June 2022 termination of Plaintiff's employment, in violation of 42 U.S.C. §2000e-3(a).

58.     PLG's retaliation against ACKERMAN in violation of Plaintiff's rights under Title VII was intentional was done with malice and reckless disregard for ACKERMAN's rights as guaranteed under the laws of the United States.  As such, ACKERMAN is entitled to punitive damages against PLG pursuant to 42 U.S.C. §1981a(a)(1).

59.     As a direct and proximate result of PLG's unlawful retaliation against ACKERMAN culminating in the termination of Plaintiff's employment in June 2022, ACKERMAN has suffered damages in amounts to be established at trial, including suffering lost wages, emotional distress, loss of self-esteem and other injuries as a direct result of Defendant's violations of 42 U.S.C. §2000e-3(a).

60.      Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), ACKERMAN is entitled to recover her reasonable attorney's fees and costs from PLG.

WHEREFORE, Plaintiff, ELIZABETH ACKERMAN, demands judgment against Defendant, PROPERTY LITIGATION GROUP, PLLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, punitive damages, equitable relief, interest, costs, attorney's fees, expert fees, and such other and further relief as this Honorable Court deems proper.

## COUNT III
## SEX/GENDER DISCRIMINATION IN VIOLATION OF
## THE FLORIDA CIVIL RIGHTS ACT

Plaintiff, ELIZABETH ACKERMAN, reasserts and reaffirms the allegations set forth in paragraphs 1 through 37 above and further states that this is an action against Defendant, PROPERTY LITIGATION GROUP, PLLC, for sex/gender discrimination in violation of Florida Statutes §760.10(1).

61.     The Florida Civil Rights Act provides that it is an unlawful employment practice for an employer "[t]o discharge . . . any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . ." F.S. §760.10(1)(a).

62.     At all times material to this action, ACKERMAN has been an aggrieved person within the meaning of the FCRA, F.S. §760.02(10).

63.     Between approximately October 2021 and June 2022, PLG's supervisory/management personnel subjected ACKERMAN to:  (a) unwelcome sexual harassment and/or sexual advances on a frequent and recurring basis as often as multiple times per week, and discrimination because of ACKERMAN's sex/gender, Female, which harassment was continuing, severe, and pervasive, and which constituted a hostile work environment; and (b) disparate treatment because of ACKERMAN's sex/gender, Female, all in violation of FCRA, F.S. §760.10(1).

64.     PLG's management knew or should have known between approximately October 2021 and June 2022 about the unlawful sexual harassment and disparate treatment of ACKERMAN because of her sex/gender, Female, but Defendant failed to take appropriate or

corrective action to address the unlawful conduct against ACKERMAN, in violation of FCRA, F.S. §760.10(1).

65.     Similarly, even after ACKERMAN made internal complaints to PLG's upper management between mid-May 2022 and June 2022 about the unlawful sexual harassment and disparate treatment of ACKERMAN because of her sex/gender, Female, Defendant still failed to take remedial action to address the unlawful conduct against ACKERMAN, in violation of FCRA, F.S. §760.10(1).

66.      PLG's sexual harassment and disparate treatment of ACKERMAN because of Plaintiff's sex/gender, Female, was so severe and pervasive that it altered, the terms, conditions, and privileges of ACKERMAN's employment with Defendant in violation of FCRA, F.S. §760.10(1).

67.     In June 2022, PLG terminated ACKERMAN's employment because of Plaintiff's sex/gender, Female, in violation of FCRA, F.S. §760.10(1).

68.     A motivating factor behind PLG's decision in June 2022 to terminate ACKERMAN's was Plaintiff's sex/gender, Female, in violation of FCRA, F.S. §760.10(1).

69.     PLG's violations of ACKERMAN's rights under F.S. §760.10(1)(a) were intentional and were done with malice and reckless disregard for ACKERMAN's rights as guaranteed under the laws of the State of Florida, such that ACKERMAN is entitled to punitive damages against Defendant pursuant to F.S. §760.11(5).

70.     ACKERMAN has suffered lost earnings, emotional distress, loss of self-esteem, and other damages as a direct result of PLG's violations of F.S. §760.10(1).

71.     Pursuant to F.S. §760.11(5), ACKERMAN is entitled to recover her reasonable attorney's fees and costs from PLG as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, ELIZABETH ACKERMAN, demands judgment against Defendant, PROPERTY LITIGATION GROUP, PLLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, punitive damages, equitable relief, interest, costs, attorney's fees, expert fees, and such other and further relief as this Honorable Court deems proper.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, F.S. §760.10

Plaintiff, ELIZABETH ACKERMAN, reasserts and reaffirms the allegations set forth in paragraphs 1 through 37 above and further states that this is an action against Defendant, PROPERTY LITIGATION GROUP, PLLC, for Retaliation in violation of the Florida Civil Rights Act, F.S. §760.10.

72. Pursuant to F.S. §760.10(7), it is "an unlawful employment practice for an employer ... to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

73. At all times material to this action, ACKERMAN has been an aggrieved person within the meaning of F.S. §760.02(10).

74. Between approximately October 2021 and June 2022, PLG subjected ACKERMAN to: (a) unwelcome harassment because of Plaintiff's sex/gender, Female, by Defendant's supervisory/management employees, including but not limited to attorney Josph Varona, which harassment was severe and pervasive, and which constituted a hostile work environment; and (b) disparate treatment because of ACKERMAN's sex/gender, Female, all in

violation of in violation of the FCRA, F.S. §760.10(7).

75.     On multiple occasions during ACKERMAN's employment with PLG between approximately October 2021 and June 2022, ACKERMAN rejected, objected to, and opposed what Plaintiff in good faith believed was sexual harassment and disparate treatment by PLG against ACKERMAN because of Plaintiff's sex/gender, Female.

76.     Between approximately mid-May 2022 and June 2022, ACKERMAN complained to PLG's management about the sexual harassment and sex/gender discrimination Plaintiff believed she was being subjected to in PLG's law firm because of Plaintiff's sex/gender, Female.

77.     ACKERMAN reasonably and in good faith believed she was being subjected to unlawful sexual harassment, sex/gender harassment, and disparate treatment because of her sex/gender, Female, when ACKERMAN complained to PLG's management.

78.     When ACKERMAN rejected, objected to, and opposed between approximately October 2021 and June 2022 what Plaintiff reasonably and in good faith believed was unlawful sexual harassment and discrimination against ACKERMAN because of Plaintiff's sex/gender, Female, ACKERMAN engaged in protected activity within the meaning of the FCRA F.S. §760.10(7).

79.     Similarly, when ACKERMAN made internal discrimination complaints to PLG's upper management between approximately mid-May 2022 and June 2022 what Plaintiff reasonably and in good faith believed was unlawful sexual harassment and discrimination against ACKERMAN because of Plaintiff's sex/gender, Female, ACKERMAN engaged in protected activity within the meaning of the FCRA, F.S. §760.10(7).

80.     In retaliation for ACKERMAN's good faith opposition to and complaints to PLG about unlawful sexual harassment and sex/gender discrimination against her, PLG unlawfully

terminated ACKERMAN's employment in June 2022 for reasons that were false and a pretext for unlawful retaliation against Plaintiff in violation of the FCRA, F.S. §760.10(7).

81.    The reasons relied upon and/or proffered PLG in June 2022 for the termination of ACKERMAN's employment were false and known to be false at the time Defendant terminated Plaintiff's employment and instead were a pretext for unlawful retaliation against ACKERMAN in violation of the FCRA, F.S. §760.10(7).

82.    PLG intentionally retaliated against ACKERMAN in June 2022 by terminating Plaintiff's employment because of her good faith opposition to and complaints about what Plaintiff reasonably believed was unlawful sexual harassment and sex/gender discrimination by Defendant against her because of sex/gender, Female, in violation of the FCRA, F.S. §760.10(7)

83.    The fact that ACKERMAN engaged in activity protected by the FCRA was a motivating factor in PLG's June 2022 termination of Plaintiff's employment, in violation of F.S. §760.10(7).

84.    PLG's retaliation against ACKERMAN in violation of ACKERMAN's rights under F.S. §760.10 were intentional and were done with malice and reckless disregard for ACKERMAN's rights as guaranteed under the laws of the State of Florida through the Florida Civil Rights Act, such that ACKERMAN is entitled to punitive damages against PLG pursuant to F.S. §760.11(5).

85.    ACKERMAN has suffered lost earnings, emotional distress, loss of self-esteem and other injuries as a direct result of PLG's unlawful retaliation in violation of F.S. §760.10(7).

86.    Pursuant to F.S. §760.11(5), ACKERMAN is entitled to recover her reasonable attorney's fees and costs from PLG as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, ELIZABETH ACKERMAN, demands judgment against

Defendant, PROPERTY LITIGATION GROUP, PLLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, punitive damages, equitable relief, interest, costs, attorney's fees, expert fees, and such other and further relief as this Honorable Court deems proper.

### COUNT V - VIOLATION OF FLORIDA'S WHISTLEBLOWER ACT, F.S. §448.102

Plaintiff, ELIZABETH ACKERMAN, reasserts and reaffirms the allegations of Paragraphs 1 through 37 as if fully set forth herein and further states that this is an action against Defendant, PROPERTY LITIGATION GROUP, PLLC, for Retaliation in violation of Florida Statutes §448.102, Florida's Whistleblower Act.

87.     Under Florida's Whistleblower Act, F.S. §448.102, an employer **may not** take any **retaliatory personnel action** against an employee because the employee has:

> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.

> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.

> **(3)  Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.**

88.     Between approximately October 2021 and May 2022, ACKERMAN worked as a Paralegal for PLG under the supervision of Joseph Varona, Esquire, the attorney who was

Plaintiff's immediate supervisor at PLG.

89.     Between approximately February 2022 and April 2022, ACKERMAN discovered that Varona was regularly engaging in settlement-litigation practices for PLG that Plaintiff in good faith believed were fraudulent and illegal, which practices ACKERMAN had opposed and expressly objected to Varona.

90.     In early April 2022, ACKERMAN was questioned by one of PLG's Partners, Michelle Lopez, Esquire, about Varona's settlement practices and client problems as a result of those practices, at which time ACKERMAN reported to Lopez, *inter alia*: (i) Varona had instructed Plaintiff to no longer use formal settlement authorizations with PLG's clients; (ii) Varona was regularly obtaining settlement authority from PLG clients at a particular level but then negotiating settlements with opposing attorneys in which PLG clients were to receive lower amounts than the amount authorized by the client; and (iii) Varona was misrepresenting to opposing attorneys purported settlement authority which Varona, in fact, had never obtained from PLG's clients.

91.     On or around May 11, 2022, Varona summoned ACKERMAN to talk to Plaintiff about what Varona characterized as an "urgent matter," and after Varona discussed what Plaintiff believed were fraudulent and illegal settlement-litigation practices by Varona for PLG that had been ongoing for months, which practices ACKERMAN again communicated to Varona on May 11th Plaintiff believed were illegal as a result of, *inter alia*:  (a) Varona engaging in fraud by obtaining settlement authority from PLG clients at a particular level but then negotiating settlements with opposing attorneys in which PLG clients were to receive lower amounts than authorized or directed to Varona; (b) Varona fraudulently misrepresenting to opposing attorneys settlement authority which Varona, in fact, had never obtained from PLG's clients; and (c) Varona

failing to timely communicate settlement offers, including offers which had deadlines/were time sensitive as well as least one case in which the opposing counsel rescinded a settlement offer unaware that PLG's client had in fact wanted to accept that settlement offer.

92.     Based upon information and belief, PLG's management had knowledge between approximately 2021 and 2022 of illegal settlement-litigation practices by Joseph Varona, Esquire as an attorney at PLG, as Varona had been cited and/or reprimanded by PLG on multiple occasions between approximately 2021 and 2022 for, *inter alia*, Varona failing to communicate with PLG's clients about settlement offers and misrepresenting settlement breakdowns, which practices occurred so frequently that PLG agreed in various cases to forego attorney's fees in order to provide PLG clients with a more significant payout expressly to avoid complaints being filed against PLG with the Florida Bar.

93.     Because of ACKERMAN's opposition to fraudulent settlement-litigation practices by Varona that ACKERMAN believed were illegal, Varona retaliated against Plaintiff and made a groundless complaint to PLG's partners in May 2022 by Varona falsely claiming that ACKERMAN (i) was not listening to Varona's instructions; and (ii) was impossible to work with.

94.     As a result of Varona's false complaint about ACKERMAN to PLG's upper management in May 2022, PLG notified Plaintiff in May 2022 that Defendant was re-assigning ACKERMAN's position and Plaintiff was told that she purportedly had an "attitude problem" despite ACKERMAN reporting to management personnel of PLG in May 2022—including Jandy Hernandez and Michelle Lopez, Esquire—Varona's sexual harassment and threats of retaliation against ACKERMAN as well as Varona's illegal settlement-litigation practices.

94.     When ACKERMAN objected to and/or reported between approximately February 2022 and May 2022 the settlement-litigation practices by Joseph Varona, Esquire for PLG that

Plaintiff in good faith believed were fraudulent and illegal, Plaintiff engaged in protected activity within the meaning of Florida's Whistleblower Act, F.S. §448.102(3).

95.     Similarly, when ACKERMAN reported to PLG's upper management in May 2022 the settlement-litigation practices by Joseph Varona, Esquire for PLG that Plaintiff in good faith believed were fraudulent and illegal, Plaintiff engaged in protected activity within the meaning of Florida's Whistleblower Act, F.S. §448.102(3).

96.     PLG subjected ACKERMAN to pretextual discipline and retaliation between May 2022 and June 2022, including not limited to PLG altering Plaintiff's position and culminating in the unlawful termination of ACKERMAN's employment on June 17, 2022 in violation of Florida's Whistleblower Act, F.S. §448.102(3).

97.     Between approximately February 2022 and June 2022, ACKERMAN reasonably and in good faith believed that the fraudulent settlement-litigation practices undertaken by Joseph Varona, Esquire as an attorney for PLG were illegal practices that violated one or more "laws, rules, or regulations" within the meaning of Florida's Whistleblower Act, F.S. §448.101(4).

98.     More specifically, one or more "laws, rules, or regulations" within the meaning of the Florida Whistleblower Act, F.S. §448.101(4), which were applicable to PLG and pertained to Defendant's law firm business between approximately February 2022 and June 2022 which ACKERMAN reasonably and in good faith believed Defendant was violating when Plaintiff complained to management of PLG include(s) but were not necessarily limited to: (a) the Rules Regulating the Florida Bar as passed and adopted by the Supreme Court of Florida; and (b) Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), F.S. §501.201 *et seq.* as a result of, *inter alia*:  (i) Varona obtaining settlement authority from PLG clients at a particular level but then negotiating settlements with opposing attorneys in which PLG clients were to receive lower

amounts than authorized or directed to Varona; (ii) Varona fraudulently misrepresenting to opposing attorneys settlement authority which Varona, in fact, had never obtained from PLG's clients; and (iii) Varona failing to timely communicate settlement offers to PLG clients, including offers which had deadlines/were time sensitive, as well as least one case in which the opposing counsel rescinded a settlement offer unaware that PLG's client had in fact wanted to accept that settlement offer.

99.     PLG unlawfully terminated ACKERMAN's employment in June 2022 in retaliation for Plaintiff's opposition and objections to and complaints about Varona's settlement-litigation practices for PLG which Plaintiff in good faith believed were illegal, in violation of F.S. §448.102(3).

100.    The fact that ACKERMAN engaged in activity protected by Florida's Whistleblower Act was a motivating factor in PLG's "retaliatory personnel action" against ACKERMAN and the termination of Plaintiff's employment in June 2022, in violation of F.S. §448.102(3).

101.    PLG's violations of F.S. §448.102 were willful, egregious and in direct violation of the statutory protections expressly set forth in Florida's Whistleblower Act.

102.    ACKERMAN has suffered lost earnings, emotional distress, loss of self-esteem, and other damages as a direct result of PLG's violations of F.S. §448.102.

103.    Pursuant to F.S. §448.104, ACKERMAN is entitled to recover her reasonable attorney's fees and costs from PLG under Count V of this Complaint.

WHEREFORE, Plaintiff, ELIZABETH ACKERMAN, demands judgment against Defendant, PROPERTY LITIGATION GROUP, PLLC, for back pay, employment benefits and other compensation including bonuses, compensatory damages, emotional distress, equitable

relief, including, but not limited to, reinstatement or front pay, interest, attorney's fees, costs, and such other and further relief as this Honorable Court deems proper.

## JURY TRIAL DEMAND

ELIZABETH ACKERMAN demands trial by jury on all issues so triable.


Dated:  September 23, 2023                     Respectfully submitted,

                                              By:   **KEITH M. STERN**
                                                   Keith M. Stern, Esquire
                                                   Florida Bar No. 321000
                                                   E-mail:  employlaw@keithstern.com
                                                   LAW OFFICE OF KEITH M. STERN, P.A.
                                                   80 S.W. 8th Street, Suite 2000
                                                   Miami, Florida 33130
                                                   Telephone:  (305) 901-1379
                                                   Attorneys for Plaintiff