UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:23-cv-61828-RS

ELIZABETH ACKERMAN, individually,

    Plaintiff,

v.

PROPERTY LITIGATION GROUP, PLLC,
a Florida Limited Liability Company,

    Defendant.
_____/

**MOTION TO DISMISS COMPLAINT**

COMES NOW Defendant, PROPERTY LITIGATION GROUP, PLLC ("PLG" and/or "Defendant"), and hereby moves pursuant to Rule 12(b)(6) Federal Rules of Civil Procedure and Local Rule 7.1, to dismiss Count V of Plaintiff's, ELIZABETH ACKERMAN ("Ms. Ackerman" and/or "Defendant") Complaint [D.E. 1], and in support thereof states as follows:

    I.    **INTRODUCTION**

Plaintiff, Ms. Ackerman, individually, filed a five-count Complaint asserting claims for alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* (Title VII), the Florida Civil Rights Act, F.S. §760.01 *et seq.* (FCRA), and the Florida Whistleblower Act, F.S. §448.102 (FWA), and related claims arising from Plaintiff's employment with PLG. [*See gen*. D.E. 1]. Plaintiff claims that Joseph Varona, Esq., an associate attorney at PLG ("Mr. Varona"), subjected her to sexual harassment and unwanted sexual advances. [D.E. at ¶ 10]. Plaintiff further alleges that Mr. Varona engaged in what Ms. Ackerman believed were fraudulent and illegal settlement practices. [D.E. at ¶ 14]. Plaintiff asserts, in part, a claim for

1

violation of Florida's Whistleblower Act, Fla. Stat. § 448.102, on the basis that Mr. Varona purportedly violated the Rules Regulating the Florida Bar. [D.E. 1 at Count V].

Defendant, PLG, moves to dismiss Count V of the Complaint for failure to state a cause of action to the extent Plaintiff purports to assert a claim based on Defendant's alleged violation of the Rules Regulating the Florida Bar. The Florida Bar Rules explicitly state that it does not create substantive legal duties or give rise to a private cause of action, and Florida law bar actions that are brought on that basis. Where, as here, the allegations are insufficient to state a claim that is plausible on its face, Count V of the Complaint must be dismissed.[1]

## II.   FACTUAL BACKGROUND

1. In approximately August 2021, Ms. Ackerman was hired to work at PLG as a paralegal, where for most of her employment, she primarily reported to Joseph Varona, Esq., an associate attorney at PLG ("Mr. Varona") starting in or about October 2021. [D.E. 1 ¶ 8].

2. On or about May 11, 2022, Mr. Varona was put on notice that Ms. Ackerman improperly discussed a proposal for settlement with a client – which she is not licensed or legally permitted to do – without Mr. Varona's knowledge or instruction. [D.E. 1 ¶ 18]

3. Upon Mr. Varona's questioning Ms. Ackerman about this incident, Ms. Ackerman refused to disclose the details of her conversation with the client regarding settlement of the client's case. *Id.*

4. Mr. Varona reported Ms. Ackerman's inexcusable conduct to PLG's Managing Partner, Mario Molina, Esq. ("Managing Partner"), and requested that Ms. Ackerman be

---

[1] This motion tolls the time for PLG to respond to the remaining allegations of the Complaint. *See, Raptor, LLC v. Odebrecht Construction, Inc.*, No, 17-21508-CIV- Atlonaga/Goodman, 2018 WL 11352677, *1 (S.D. Fla. Jan. 10, 2018).

2

reassigned to another attorney due to her improper communications with a client and failure to disclose the communications Ms. Ackerman had with the client to Mr. Varona.

      5.      On or about Friday, May 13, 2022, Ms. Ackerman was notified that she was being reassigned to work with a different attorney at PLG. [D.E. 1 ¶ 22]

      6.      On the following Monday, May 16, 2022, PLG's office manager instructed Ms. Ackerman to proceed with performing her work pursuant to her newly reassigned position. [D.E. 1 ¶ 25]. Ms. Ackerman refused to perform the work that had been assigned to her.

      7.      Later on May 16, 2022, Ms. Ackerman was afforded the opportunity to leave PLG's office for the remainder of the day. *Id.*

      8.      In a letter dated May 17, 2022 directed to Ms. Ackerman, PLG advised Ms. Ackerman that if she wished to file a complaint of sexual harassment against PLG employees to provide PLG with a notarized writing detailing the alleged misconduct so that PLG can investigate the matter. [D.E. 1 ¶ 26].

      9.      Also in this May 17 letter, PLG advised Ms. Ackerman that she was on paid administrative leave of absence until Friday, May 20, 2022 while PLG investigated any claim filed by Ms. Ackerman. *Id.*

      10.     Ms. Ackerman failed to present any statement or complaint with PLG by May 20, 2022.

      11.     In a letter dated May 22, 2022, Ms. Ackerman acknowledged receipt of the May 17 letter. [D.E. 1 ¶ 27]. Interestingly, Ms. Ackerman's May 22 letter fails to provide any statement or claim detailing the purported misconduct. *Id.* Ms. Ackerman also falsely accused PLG of undertaking its own investigation without her participation prior to any complaint being filed. *Id.*

12. In a letter dated June 7, 2022, PLG, by and through the undersigned counsel, requested that Ms. Ackerman return to her employment at PLG under her newly reassigned position despite Ms. Ackerman's complete abandonment of her position at PLG. [D.E. 1 ¶ 29].

13. As a courtesy to Ms. Ackerman, PLG also provided Ms. Ackerman with two (2) alternative options to officially terminate her position at PLG – one with severance pay and one without severance pay. *Id.*

14. The same letter advised Ms. Ackerman that PLG will consider it a resignation of her employment should she fail to appear for her job at PLG and/or respond to the letter by June 10, 2022 on the grounds of Ms. Ackerman's refusal and failure to perform her job. *Id.*

15. After Ms. Ackerman's failure to respond to the June 7, 2022 letter, PLG confirmed Ms. Ackerman's termination of employment with PLG – without severance pay, effective immediately – in a letter dated June 17, 2022. [D.E. 1 ¶ 30].

16. On or around December 14, 2022, ACKERMAN filed a Charge of Discrimination against PLG with the United States Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR), EEOC Charge No. 510-2023-02438. [D.E. 1 ¶ 33].

17. On or around June 29, 2023, the EEOC issued a Dismissal and Notice of Right to Sue to ACKERMAN in connection with EEOC Charge No. 510-2023-02438. [D.E. 1 ¶ 34].

### III.   LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(6), a Court should grant a motion to dismiss if the pleadings fail to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss should be granted where the complaint on its face fails to contain "enough facts to state a claim to relief . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007);

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The pleading must contain more than labels, conclusions, a threadbare or formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement." *Glover v. Dist. of Trs. of Palm Beach State Coll.*, 9:19-CV-80968, 2020 U.S. Dist. LEXIS 104557 (S.D. Fla. Jan. 23, 2020).

## IV.    ARGUMENT

The Court should dismiss Count V of the instant Complaint to the extent Plaintiff relies on alleged violations of the Rules Regulating the Florida Bar (the "Bar Rules") to support her claim for violation of the Florida Whistleblower Act, F.S. §448.101(4). Plaintiff's claims are barred to the extent they are based on allegations that PLG's employee violated the Rules Regulating the Florida Bar or other rules of professional conduct. In support of her claim against PLG for violation Florida's Whistleblower Act, Ms. Ackerman alleges that PLG's employee, Mr. Varona, violated the Bar Rules by purportedly obtaining settlement authority from PLG clients at a particular level but then negotiating settlements without proper client authorization, fraudulently misrepresenting settlement authority to opposing attorneys and failing to timely communicate settlement offers to PLG clients. See Compl. at ¶ 98.

The Bar Rules govern alleged improper conduct by an attorney as an officer of the court, but it is well-settled that the Bar Rules do not create substantive legal duties or give rise to a private cause of action. *See Smith v. Bateman Graham, P.A.*, 680 So. 2d 497, 498 (Fla. 1st DCA), *rev. dismissed*, 678 So. 2d 337 (Fla. 1996) (holding that alleged improper conduct by an attorney in his capacity as an officer of the court is governed by Rules Regulating The Florida Bar, which themselves preclude a private cause of action arising from a violation of the Rules, and noting that "the purpose of the rules can be subverted when they are invoked by opposing parties as procedural weapons."). The Florida Bar creates no civil cause of action and precludes a private cause of action

arising from a violation of the rules. *Casey v. Elm*, No. 8:19-CV-271-T-38AEP, 2019 WL 2301276, at *3 (M.D. Fla. May 30, 2019); *See also Tew v. Arky, Freed, Stearns, et al.,* 655 F. Supp. 1571 (S.D.Fla.1987) (violation of a disciplinary rule created no private cause of action).

In fact, the Preamble to the Florida Bar Rules of Professional Conduct of the Bar Rules states:

> "Violation of a rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption that a legal duty has been breached. . . The rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the rules can be subverted when they are invoked by opposing parties as procedural weapons."

*See* R. Reg. Fla. Bar at Chapter 4, Preamble of Rules of Professional Conduct.

Here, Plaintiff improperly relies on the Bar Rules as a basis for "laws, rules, or regulations" within the meaning of Florida's Whistleblower Act, F.S. §448.101(4) to support Count V of her Complaint. See Compl. at ¶ 98. Accordingly, the Court should dismiss all claims in the Complaint, namely Count V, to the extent they are founded on the PLG's alleged violation of the Bar Rules, with prejudice.

## V.  CONCLUSION

WHEREFORE, Defendant, PROPERTY LITIGATION GROUP, PLLC, respectfully requests that this Court enter an order granting the motion to dismiss, thereby dismissing Count V of Plaintiff, ELIZABETH ACKERMAN's, Complaint, and awarding any other relief this Court deems just and equitable.

### Local Rule 7.1(a)(3) Certification

Plaintiff and Defendant's counsel have met and conferred on these outstanding issue via e-mail and phone call on October 17, 2023 in a genuine, good faith effort to resolve the dispute before seeking Court intervention. The Defendant opposes the relief requested.

**Dated**: October 17, 2023.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 17, 2023, the foregoing document was electronically filed and served on all counsel of record and identified in the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

    Respectfully submitted,

    **DI PIETRO PARTNERS, PLLC**
    901 East Las Olas Blvd, Suite 202
    Fort Lauderdale, FL 33301
    Primary Email Address:
    service@ddpalaw.com
    Secondary Email Address:
    nicole@ddpalaw.com
    Telephone: (954) 712-3070
    Facsimile: (954) 337-3824

    */s/ Nicole Martell*
    **NICOLE MARTELL, ESQ.**
    Florida Bar No.: 100172
    nicole@ddpalaw.com

## SERVICE LIST

*Elizabeth Ackerman v. Property Litigation Group, PLLC*
Case No.: 0:23-cv-61828-RS
United States District Court, Southern District of Florida

Nicole Martell, Esq.
Email: nicole@ddpalaw.com
Di Pietro Partners, PLLC
901 E. Las Olas Blvd., Suite 202
Ft. Lauderdale, FL 33301
Tel: (954) 712-3070
Fax: (954) 337-3824
*Attorney for Defendant*

*Via CM/ECF*

Keith M. Stern, Esq.
Email: emplylaw@keithstern.com
Law Office of Keith M. Stern, P.A.
80 SW 8th St., Suite 2000
Miami, FL 33130
Tel: (305) 901-1379
*Attorney for Plaintiff*
*Via CM/ECF*